UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| FLORENCE HOLLOMAN,<br><br>Plaintiff,<br><br>v.<br><br>LAND HEADQUARTERS, INC. and SURESH CHAINANI,<br><br>Defendants. | **COMPLAINT**<br><br>**Jury trial demanded**<br><br>3:15-cv-148-TCB |

Plaintiff Florence Holloman ("Ms. Holloman") states her complaint against the above-named Defendants as follows.

1. This is a complaint for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA").

2. This Court has jurisdiction over Plaintiff's claims, and venue is proper in this Court.

3. The primary business of Defendant Land Headquarters, Inc. ("LHI") is buying and developing residential land for resale. LHI conducts business in Alabama, Arizona, California, Georgia, Idaho, Missouri, Nevada, New Mexico, South Carolina, Tennessee and Texas. A large portion of LHI's sales in Georgia consists of manufactured homes on lots in rural areas of the

state. LHI also frequently serves as a direct lender to individuals who purchase a manufactured home and land lot from the company.

4. During each of the three years preceding the filing of this complaint, LHI's gross annual sales were greater than $500,000.

5. Defendant Suresh Chainani owns and operates LHI and actively manages the operations of the company.

6. Ms. Holloman began employment with LHI in 1996, and her employment continued until she was terminated in January 2015.

7. During her entire tenure with LHI, Ms. Holloman was employed at LHI's location in Griffin, Georgia. Her work duties included, among other things, researching and locating properties for LHI to purchase, marketing LHI's properties for resale, communicating with prospective purchasers of LHI's properties, inspecting and maintaining LHI's properties, conducting and overseeing the collection of debt owed to LHI by individuals who financed homes with LHI, and attending dispossessory and other court hearings related to LHI properties.

8. LHI was Ms. Holloman's sole source of income during her entire tenure with the company.

9. During her entire tenure with LHI, LHI controlled all aspects of Ms.

Holloman's employment.

10. LHI set Ms. Holloman's working hours and required her to comply with numerous workplace rules and policies. Ms. Holloman reported to and was supervised by other employees of the company. Ms. Holloman's supervisors were authorized to, and did in fact, discipline her.

11. LHI paid all costs of operating its office in Griffin, Georgia.

12. LHI provided Ms. Holloman with a computer and cellular telephone for work-related use.

13. LHI reimbursed Ms. Holloman for work-related automobile mileage and other travel costs.

14. LHI employed and paid an administrative assistant who supported Ms. Holloman.

15. LHI paid all costs of marketing and maintaining the properties that Ms. Holloman oversaw.

16. During her entire tenure with LHI, Ms. Holloman was not required to be and was not a licensed real estate agent in Georgia or any other state.

17. During the three years preceding the filing of this complaint, Ms. Holloman regularly worked more than forty hours per week. For example, while LHI required Ms. Holloman to work a minimum of eight hours per day, from

        9:00 a.m. to 5:00 p.m., she regularly began work before 9:00 a.m. and worked well beyond 5:00 p.m. to complete her work duties.  In addition, Ms. Holloman frequently worked evenings and weekends and was required to answer work-related telephone calls before and after normal work hours.

18. From three years preceding the filing of this complaint until approximately August 2014, LHI paid Ms. Holloman a salary of $1,500 per month. Beginning in or about August 2014, LHI reduced Ms. Holloman's monthly salary to $750.

19. Ms. Holloman also received commissions based on LHI's sales, but these amounts varied from month to month, and Ms. Holloman was not guaranteed to receive any commission pay during any given month.

20. During her entire tenure with the company, LHI treated Ms. Holloman as an independent contractor and reported her wages to the Internal Revenue Service on an IRS Form 1099.  However, based on the totality of circumstances of Ms. Holloman's relationship with LHI, she should have been treated as an employee, not an independent contractor.

21. Because LHI improperly treated Ms. Holloman as an independent contractor, the company did not keep track of her work hours and never paid her overtime pay for the hours she worked in excess of forty per week.

22. Ms. Holloman estimates that during the three-year period preceding the filing of this complaint, she incurred approximately $15,000 in unpaid overtime wages. Ms. Holloman will be able to more precisely estimate her unpaid overtime wages after obtaining her pay records and other relevant documents through the discovery process.

23. Defendants violated the FLSA by failing to pay Ms. Holloman overtime pay equal to 1.5 times her regular hourly rate for all hours worked in excess of forty per week.

Based on the above facts, Plaintiff requests a jury trial on all triable issues and asks the Court for the following relief: unpaid overtime wages, liquidated damages as permitted by the FLSA, prejudgment interest, litigation costs, attorneys' fees, and other relief deemed appropriate by the Court.

Respectfully submitted on September 21, 2015.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com