UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| FLORENCE HOLLOMAN,<br><br>Plaintiff,<br><br>v.<br><br>LAND HEADQUARTERS, INC. (ATLANTA) and SURESH CHAINANI,<br><br>Defendants. | **3:15-cv-148-TCB** |

**PLAINTIFF'S FIRST AMENDED INITIAL DISCLOSURES**

*(1)   State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.*

RESPONSE:   This is an action for unpaid overtime in violation of the Fair Labor Standards Act ("FLSA").

Plaintiff began working for Defendants in 1996 and was terminated in January 2015.  Defendant treated Plaintiff as an independent contractor instead of an employee and therefore did not pay Plaintiff any overtime compensation for hours worked in excess of 40 per week.  Plaintiff contends that she should have been treated as an employee, and that she is therefore entitled to receive overtime compensation as required under the FLSA.

The legal issues to be tried include (1) whether Plaintiff is an employee or independent contractor, (2) whether Plaintiff is exempt from overtime compensation, (3) whether Defendants are subject to the overtime requirements of the FLSA, (4) whether Plaintiff worked more than 40 hours in a workweek during the three-year period predicting the filing of the complaint, and (5) the amount of damages Plaintiff is entitled to recover.

*(2)   Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.*

RESPONSE:   The Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, U.S. Department of Labor regulations promulgated pursuant to the FLSA, and interpretive case law.

*(3)   Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)*

RESPONSE:  Plaintiff can be contacted through her counsel.  Plaintiff also believes that Suresh Chainani, Sonesh Chainani, Sara Espinosa, and Cheryl Gamez have knowledge relevant to her claims, based on her working relationship with these individuals and their relationship with Land Headquarters.  Plaintiff does not have contact information for these individuals, although they are all current owners and/or

2

employees of Land Headquarters and/or related entities and are therefore readily accessible to Defendants.

 (4)   Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence.  For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.  (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

RESPONSE:       Plaintiff does not at this time anticipate retaining an expert witness.

 (5)   Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

RESPONSE:       Plaintiff has in her possess copies of various payroll records.  She will produce these during discovery.

(6)   In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34.  (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

RESPONSE:       Plaintiff seeks to recover her unpaid overtime wages in the amount of approximately $15,000, liquidated damages in an equal amount, actual litigation costs and attorneys' fees, and pre- and post-judgment interest as permitted

by law.  Plaintiff can only roughly estimate her unpaid overtime wages at this time, as she does not yet have access to payroll records needed to more accurately calculate her damages.  As stated above, Plaintiff has various payroll records in her possession that she will produce during discovery.

*(7)   Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment.  (Attach copy of insurance agreement to Initial Disclosures as Attachment E.)*

RESPONSE:    This request is not applicable to Plaintiff.

*(8)   Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiff's cause of action and state the basis and extent of such interest.*

RESPONSE:    This request is not applicable to Plaintiff.

Dated December 22, 2015.

*s/ Regan Keebaugh*
Regan Keebaugh
Georgia Bar No. 535500

Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com

## **CERTIFICATE OF SERVICE**

      I certify that, on December 22, 2015, I filed the foregoing document through the Court's CM/ECF system, which will send email notification of such filing to all attorneys of record in this matter.

      *s/ Regan Keebaugh*
      Regan Keebaugh
      Georgia Bar No. 535500
      *Counsel for Plaintiff*