IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | | |
|---|---|---|
| FLORENCE HOLLOMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action File Number |
| | ) | 3:15-CV-148-TCB |
| LAND HEADQUARTERS, INC., | ) | |
| and SURESH CHAINANI, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**JOINT MOTION FOR APPROVAL OF SETTLEMENT**
_____

**COME NOW, FLORENCE HOLLOMAN ("Plaintiff"), LAND HEADQUARTERS, INC. (ATLANTA) ("LHQ") and SURESH CHAINANI ("Chainani") (LHQ and Chainani are collectively referred to herein as "Defendants")**, and hereby jointly request this Court to approve the parties' settlement of the above-captioned matter.

This case arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended (the "FLSA"). Therefore, the parties' settlement must be approved by this Court, and said approval must be entered as a stipulated final judgment. See Lynn's Foods Stores, Inc. v. United States, 679 F.2d. 1350 (11th Cir. 1982); see also Silva v. Miller, 307 Fed. Appx. 349 (11th Cir. 2009). The

parties jointly agree and propose to this Court that their settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." <u>Lynn's Food Stores</u> at 1355.  In further support of this Joint Motion, the parties show as follows:

I.    **FACTUAL BACKGROUND**

On September 21, 2015, Plaintiff filed an action against Defendants alleging violations of Plaintiff's right to overtime compensation under the FLSA (Doc. 1). Defendants later filed an answer to Plaintiff's Complaint, asserting Affirmative Defenses and denying all allegations of wrongdoing or liability on November 20, 2015. (Doc. 3).  Subsequent to Defendants' answer and after exchanging written discovery, arms-length negotiations occurred, and the parties reached a settlement in which Plaintiff and Defendants compromised their positions in order to avoid continued litigation.

The parties' Settlement Agreement and Release (the "Settlement Agreement") is attached hereto as Exhibit "A".  If approved, the Settlement Agreement will provide Plaintiff with monetary consideration without the risk that she would otherwise potentially fail in her action or that any verdict in her favor would be overturned on motion or appeal by Defendants.  Further, the parties also negotiated an agreement as to Plaintiff's recovery separately from Plaintiff's counsel's fees and expenses.  See <u>Bonetti v. Embarq Mgmt. Co.</u>, 715 F. Supp.2d

2

1222, 1228 (M.D. Fla. 2009) (stating that if a plaintiff's recovery is negotiated independently from attorney's fees, there is greater assurance that said fees have not influenced the amount recovered by the plaintiff).

## II.   CITATION OF AUTHORITY

There are two ways in which claims under the FLSA can be settled and released by employees. First, the FLSA allows employees to settle and waive claims under the FLSA so long as the employer's payment of unpaid wages is supervised by the Secretary of Labor. See 29 U.S.C. § 216(c); Lynn's Food Stores, 679 F.2d at 1353. In a private lawsuit brought by an employee against his or her employer under Section 216(b) of the FLSA, however, employees may only settle and release FLSA claims against their employers if the parties present the court with a proposed settlement, and the court thereafter enters a stipulated judgment approving the fairness of the settlement. Id. Specifically in Lynn's Food Stores, the Eleventh Circuit stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties

submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. 679 F.2d at 1354.

In the instant action, the circumstances justify the Court's approval of the parties' settlement to resolve and release Plaintiff's FLSA and other claims against the Defendants.

The proposed settlement arises from an adversarial action initiated by Plaintiff against an entity and an individual that Plaintiff alleges was her former employer. Defendants contest her status as an "employer", as defined under the FLSA, and deny that Plaintiff is owed unpaid wages, liquidated damages, attorneys' fees, or any other relief for parts or all of the relevant periods of time subject to the litigation. Defendants also contest Plaintiff's "hours worked", as well as the applicable statute of limitations. As a result, this case involves a bona fide dispute as to whether and to what extent Plaintiff is owed any relief under the

FLSA. As such, the parties agree that the proposed settlement agreement reflects a reasonable compromise of those disputed claims.

During the litigation and settlement of this action, Plaintiff was represented by experienced counsel. Plaintiff and her counsel discussed Plaintiff's alleged unpaid wages and formulated their own proposed settlement figures. The parties then engaged in settlement discussions, based upon their independent calculations. The parties, through their attorneys, voluntarily agreed to the terms of the settlement during arms' length negotiations that were made in good faith. All parties were counseled and represented by their respective attorneys throughout the litigation and the settlement process.

### III.  CONCLUSION

Based upon the foregoing, Plaintiff and Defendants jointly and respectfully request that the Court review the Settlement Agreement between the parties and enter an Order approving the settlement of this matter.

Respectfully submitted, this the 16th day of June, 2016.

| | |
|---|---|
| s/ Regan Keebaugh | s/ Matthew R. Hall |
| Regan Keebaugh | Matthew R. Hall |
| Georgia Bar Number 535500 | Georgia Bar Number 319225 |
| RADFORD & KEEBAUGH, LLC | SPIVEY, POPE, GREEN & GREER, LLC |
| 315 W. Ponce de Leon Ave., Suite 1080 | 4875 Riverside Drive, Suite 200 |
| Decatur, Georgia 30030 | Post Office Box 899 |
| Telephone: (678) 271-0300 | Macon, Georgia 31202 |
| Facsimile: (678) 271-0311 | Telephone: (478) 254-8866 |
| regan@decaturlegal.com | Facsimile: (478) 254-8980 |
| Attorney for Plaintiff | mhall@spgglaw.com |
| | Attorney for Defendants |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**NEWNAN DIVISION**

| | |
|---|---|
| **FLORENCE HOLLOMAN,** )<br>)<br>   **Plaintiff,** )<br>)<br>**v.** )<br>)<br>**LAND HEADQUARTERS, INC.,** )<br>**and SURESH CHAINANI,** )<br>)<br>   **Defendants.** ) | **Civil Action File Number**<br>**3:15-CV-148-TCB** |

_____

**CERTIFICATE OF SERVICE**
_____

WE HEREBY CERTIFY that we are counsel for Defendants and that we have on this day served the foregoing upon all parties with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the following attorney of record:

Regan E. Keebaugh
Radford & Keebaugh, LLC
315 W. Ponce de Leon Avenue
Suite 1080
Decatur, Georgia 30030

[Signatures to follow on next page.]

This the 16th day of June, 2016.

                                      SPIVEY, POPE, GREEN & GREER, LLC

                                      s/ David A. Pope
                                      David A. Pope
                                      Georgia Bar No. 583780
                                      Matthew R. Hall
                                      Georgia Bar No. 319225
                                      Attorneys for Defendants

4875 Riverside Drive, Suite 200
Post Office Box 899
Macon, Georgia 31202
Telephone (478) 254-8866
Facsimile (478) 254-8980
dpope@spgglaw.com
mhall@spgglaw.com